Doxiadis v Triborough Bridge & Tunnel Auth. (2024 NY Slip Op 5631)

Doxiadis v Triborough Bridge & Tunnel Auth.

2024 NY Slip Op 5631

Decided on November 14, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 14, 2024

Before: Webber, J.P., Singh, Gesmer, González, Scarpulla, JJ. 

Index No. 160739/17 Appeal No. 3029 Case No. 2023-03832 

[*1]George Doxiadis, Plaintiff-Respondent,
v
Triborough Bridge and Tunnel Authority, et al., Defendants-Appellants, Metropolitan Transportation Authority, Defendant.

Krez & Flores, LLP, New York (Jonathan Goldsmith of counsel), for appellants.
Sullivan Papain Block McManus Coffinas & Cannavo PC, New York (Christopher J. DelliCarpini of counsel), for respondent.

Order, Supreme Court, New York County (James G. Clynes, J.), entered June 15, 2023, which, to the extent appealed from as limited by the briefs, denied the motion of defendants Triborough Bridge and Tunnel Authority (TBTA) and MTA Bridges and Tunnels (collectively defendants) for summary judgment dismissing the claim regarding the placement of the tubular lane markers as against them, unanimously affirmed, without costs.
Plaintiff was injured when his motorcycle struck a tubular lane marker (also called a delineator) while changing lanes on the Bronx-Whitestone Bridge. Plaintiff alleges that defendants negligently installed tubular lane markers immediately after the end of the dashed white line, at the beginning of the solid white line, to prevent lane changes without warning to vehicle operators, which constituted a dangerous condition in the roadway that caused his collision.
The court properly denied defendants' motion for summary judgment dismissing plaintiff's claim regarding the placement of the tubular markers. Defendants failed to establish that they were not negligent in connection with where the markers were placed (see generally Friedman v State of New York, 67 NY2d 271, 283 [1986]). They did not establish that they complied with the Manual of Uniform Traffic Control Devices by using engineering judgment in the placement of the tubular markers. TBTA's regional director of bridges east, who was not an engineer, failed to testify that the decision to install the tubular markers was made by an engineer or in consultation with the engineering department. She testified only that the engineering department was part of her team. She also did not testify that the engineering department's design of the roadway included tubular markers, or that any engineers were involved with studies regarding the placement of the markers. Those studies to which she alluded were not, in any event, formal written studies (compare Driscoll v State of New York, 160 AD3d 1240, 1243 [3d Dept 2018]).
Defendants failed to establish that they were entitled to qualified immunity in that they failed to demonstrate that a "'study, inquiry or investigation' into that question was conducted and reached the determination now relied upon" (Leon v New York City Tr. Auth., 96 AD3d 554, 555 [1st Dept 2012] [internal quotation marks omitted]). "A mere informal review or internal policy will not suffice" (id.). Even if a governmental body conducts a traffic study, it "may be held liable when its study of a traffic condition is plainly inadequate or there is no reasonable basis for its traffic plan" (Friedman, 67 NY2d at 284). Here, the TBTA's director did not testify that any study, inquiry, or investigation was conducted into the risk posed by placing the tubular markers at the beginning of the solid line after it changed from a dashed line (see Leon, 96 AD3d at 555; see also Jackson v New York City Tr. Auth., 30 AD3d 289, 290 [1st Dept 2006]).
We have considered defendants' [*2]remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 14, 2024